**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 99-6228**

─────────────

UNITED STATES OF AMERICA,

                               Plaintiff - Appellee,

    versus

RICHARD TIRRELL TERRY, a/k/a Perrie Thedan,

                               Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Benson E. Legg, District Judge. (CR-97-
63-L, CA-98-2903-L)

─────────────

Submitted: June 17, 1999              Decided: June 22, 1999

─────────────

Before MURNAGHAN and TRAXLER, Circuit Judges, and BUTZNER, Senior
Circuit Judge.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Richard Tirrell Terry, Appellant Pro Se. Joyce Kallam McDonald,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Richard Tirrell Terry appeals from the district court's orders denying his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1999) and denying his motions for transcripts, discovery, continuance, and return of seized property. We have reviewed the record and the district court's opinions and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. See United States v. Terry, Nos. CR-97-63-L; CA-98-2903-L (D. Md. Jan. 29,[*] May 19, & Jun. 2, 1999). Terry's motion for a transcript at government expense is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Although the district court's order is marked as "filed" on January 28, 1999, the district court's records show that it was entered on the docket sheet on January 29, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).